UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINCENT W. BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-01161-JPH-MKK ) |
| MARION COUNTY (SHERIFF), COMMUNITY CORRECTIONS, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**I.
Filing Fee**

Plaintiff Vincent Boyd filed his complaint without paying the $405 filing fee or demonstrating that he lacks the financial ability to do so. He indicated in his complaint that he requested *in forma pauperis* status, but he did not attach the required supporting documentation. Dkt. 1 at 5. Mr. Boyd **SHALL** either pay the $405 filing fee or seek leave to proceed *in forma pauperis* **by August 8, 2025**. The **Clerk shall include** a form motion to proceed *in forma pauperis* with Mr. Boyd's copy of this Order.

**II.
Screening the Complaint**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Boyd's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners

1

alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## B. The complaint

Mr. Boyd alleges that an employee of Marion County Community Corrections did not allow him to attend choir rehearsal at his church because he had "too much freedom." Dkt. 1 at 2. That employee's supervisor informed Mr. Boyd that this decision was permissible. *Id.* After the supervisor learned that Mr. Boyd filed "this paperwork," he retaliated against Mr. Boyd by making him "serv[e] 14 days." *Id.*

## C. Discussion of claims

The Court construes Mr. Boyd's complaint as alleging a First Amendment retaliation claim under 42 U.S.C. § 1983 and seeking monetary damages. Mr.

Boyd names only Marion County Community Corrections, the county's probation services provider, as a defendant. Dkt. 1 at 1–2. However, there is no vicarious liability under § 1983. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). A municipality or municipal entity can only be liable under § 1983 if there is a widespread policy or practice that caused a constitutional injury, and Mr. Boyd has not alleged any such custom here. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, Mr. Boyd's claim against Marion County Community Corrections cannot proceed.

Additionally, it is unclear from Mr. Boyd's complaint what relief he seeks beyond monetary damages, but to the extent he requests interference with an ongoing term of probation, this Court would be unable to do so. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the *Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (holding interference with probation officer's "*continuing* acts of supervision" implicates *Younger* abstention doctrine, noting that if probationer "has a problem with how his probation officer is treating him, he may easily lodge his objections in the state court overseeing his probation").

**D. Conclusion**

Mr. Boyd's complaint must be dismissed for the reasons in this Order. Mr. Boyd shall have **through August 8, 2025** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897,

901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  The **clerk is directed** to send a form complaint with Mr. Boyd's copy of the Order.

**SO ORDERED.**

Date: 7/8/2025

                            _James Patrick Hanlon_
                            James Patrick Hanlon
                            United States District Judge
                            Southern District of Indiana

Distribution:

VINCENT W. BOYD
9234 Dansk Ridge Ct.
Apt. A
Indianapolis, IN 46250